**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **HOODLUMS WELDING HOODS, LLC,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No: |
| v. ) | |
| ) | |
| **FOUR FUN WELDING, INC., and** ) | **JURY TRIAL DEMANDED** |
| **KEVIN J. COUGHLIN** ) | |
| ) | |
| *Defendant.* ) | |
| _____ ) | |

## COMPLAINT

Plaintiff Hoodlums Welding Hoods, LLC ("HOODLUM") brings this action against

defendants Four Fun Welding, Inc. ("Four Fun Welding") and Kevin J. Coughlin ("Mr.

Coughlin"), collectively ("Defendants") seeking damages and injunctive relief.  HOODLUM

alleges as follows:

### JURISDICTION AND VENUE

**I.       Four Fun Welding**

1.       This is an action against Four Fun Welding for: (a) copyright infringement under

Title 17 of the United States Code Sections 501-505; (b) trademark infringement under 15

U.S.C. § 1114 and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125; and (c) patent

infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., alleging

infringement of United States Patent Nos. 7,346,972 ("the '972 patent") and D425,260 (the '260

patent"). Therefore, this Court has exclusive subject matter jurisdiction over this action under 28

U.S.C. §§ 1331 and 1338(a).

2. In addition, this action alleges common law claims of trademark infringement, unfair competition, and breach of contract against Four Fun Welding. Subject matter jurisdiction exists over these common law claims under 28 U.S.C. § 1367(a) because the claims are so related they form part of the same case or controversy.

3. This Court has personal jurisdiction over Four Fun Welding because Four Fun Welding has conducted business in this district and has infringed, contributed to the infringement of, and/or actively induced others to infringe HOODLUM's copyrights, trademark and patents in this district as alleged in this Complaint. For example, Four Fun Welding resides in this district because it operates an interactive web site which is directed to residents of the Eastern District of Missouri. Through this interactive web site, Missouri consumers can review detailed information about Four Fun Welding, can purchase Four Fun Welding products and can exchange electronic mail with Four Fun Welding. In addition, Four Fun Welding's infringing products are sold in this district.

4. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), 1400(a) and/or 1400(b), in that a substantial part of the events giving rise to HOODLUM's claims occurred in the Eastern District of Missouri, and Four Fun Welding conducts business and infringes the copyright, HOODLUM's marks and the '972 and '260 patents in this district.

## II. Mr. Coughlin

5. This is an action against Mr. Coughlin for: (a) inducement to infringe copyright; and (b) patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, alleging inducement to infringe United States Patent Nos. 7,346,972 ("the '972 patent") and D425,260 (the '260 patent").

6.    In addition, this action alleges the common law claim of breach of contract against Mr. Coughlin.  Subject matter jurisdiction exists over this common law claim under 28 U.S.C. § 1367(a) because this claim is so related that it forms part of the same case or controversy.

7.    This Court has personal jurisdiction over Mr. Coughlin because, as Four Fun Welding's alter ego, president, manager, and/or officer, Mr. Coughlin conducts and has conducted business in this district has contributed to the infringement of, and/or actively induced others to infringe HOODLUM's copyrights and patents in this district as alleged in this Complaint.  In addition, as the alter ego of Four Fun Welding, Mr. Coughlin sells and has sold infringing products in this district.

8.    Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), 1400(a) and/or 1400(b), in that a substantial part of the events giving rise to HOODLUM's claims occurred in the Eastern District of Missouri, and as president, manager, and/or officer of Four Fun Welding, Mr. Coughlin induced infringement of the copyright and the '972 and '260 patents in this district.

## PARTIES

9.    HOODLUM is a limited liability company organized and existing under the laws of California, having a place of business at 1727 Van Tress Ave, Wilmington, CA 90744.

10.    HOODLUM is comprised of three members: (1) Kevin Inget, who resides in Imperial Beach, CA; (2) Steven Robinson, who resides in Long Beach, CA; and (3) Peggy Caserta, who resides in Mississippi.

11.    On information and belief and after a reasonable opportunity for further discovery, Four Fun Welding is a corporation organized and existing under the laws of

Minnesota, having its principal place of business 2715 East 26th Street, Minneapolis, Minnesota 55406.

12.     On information and belief and after reasonable opportunity for further discovery, Mr. Coughlin is a resident of the state of Minnesota.

## STATEMENT OF FACTS RELEVANT TO ALL PARTIES AND COUNTS

13.     On July 1, 2002, an agreement ("Licensing Agreement") was entered into between Plaintiff HOODLUM and Coughlin, David Hele, and Four Fun Welding for Defendants to develop, manufacture and sell welding helmets in which the helmet is shaped to include animal facial features and/or fantasy facial feature such as robotic, android or sci-fi qualities, defined as "the Concept."  *See* Exhibit A, Licensing Agreement.

14.     Four Fun Welding and Mr. Coughlin marketed and sold (and continue to market and sell) skull-shaped welding helmets bearing a nose and teeth including but not limited to the "burning skull welding helmet,"[1] (an example of which is below):



15.     The Licensing Agreement between the parties provides that:

A.     Welding helmets be developed, manufactured and sold by Defendants which incorporate and fall within the scope of the Concept;

---

[1] This "burning skull welding helmet" is available for sale at a website copyrighted by Four Fun Welding, http://hoodlum-welding.com/hoods.htm.

B.      Defendants provide to HOODLUM no later than the 15th day after the end of each calendar quarter period, a report including the number of units of each product sold for which a royalty is payable, the gross sales amount of each such product, the royalty attributable to each such product, and any portion of the annual minimum payable and the total royalty due;

C.      Defendants provide documentation verifying the information in the report above;

D.      HOODLUM be paid a royalty for sale of welding helmets which incorporate or fall within the scope of the Concept;

E.      Defendants pay to HOODLUM a royalty based on the gross selling price of every product sold which is an implementation of or falls within the scope of the Concept for each calendar quarter;

F.      Defendants pay a late fee of five percent for any amount that is late, without limiting any other remedies that HOODLUM may have;

G.      Upon any termination of the Licensing Agreement, Defendants pay the larger of all earned royalties or the annual minimum royalty on a pro rata basis to the date;

H.      Defendants not engage in any business or sell any product that is competitive with any products under the Concept or Accessories without approval of HOODLUM;

I.      All obligations of and conditions upon Defendants under the Licensing Agreement be the joint and separate obligation of the Defendants.

*See generally*, Ex. A.

16.     Thus, the Licensing Agreement required that Defendants meet the third quarter deadline of 2005 and all quarterly deadlines up through and including the date of contractual termination due to breach, April 27, 2010.

17.     Defendants failed to meet the third quarter deadline of 2005 and all quarterly deadlines up through and including the date of contractual termination due to breach, April 27, 2010.

18.     As a result of Defendants' failure to perform on the Licensing Agreement, HOODLUM has suffered substantial financial loss.

19.     After the April 27, 2010 date of contractual termination due to breach, Four Fun Welding continued to market and sell, and is presently marketing and selling, welding helmets for its own benefit that incorporate the original artistic work of Mr. Inget and Mr. Robinson.

20.     After the April 27, 2010 date of contractual termination due to breach, Mr. Coughlin continued to market and sell, and is presently marketing and selling, welding helmets for its own benefit that incorporate the original artistic work of Mr. Inget and Mr. Robinson.

21.     As president, manager, and/or officer of Four Fun Welding, Mr. Coughlin actively and knowingly induced the marketing and sale of welding helmets for Four Fun Welding's benefit that incorporate the original artistic work of Mr. Inget and Mr. Robinson.

## COUNT I
## FOUR FUN WELDING'S COPYRIGHT INFRINGEMENT UNDER
## 17 U.S.C. §§ 501-505

22.     HOODLUM incorporates by reference the allegations of paragraphs 1-21.

23.     Mr. Robinson and Mr. Inget are the authors of an original work called "Skull Welding Helmet" which was assigned to HOODLUM.

24.     The Skull Welding Helmet contains wholly original material that is copyrightable subject matter under the laws of the United States.

25.     As the assignee, HOODLUM holds a certificate of registration of the Skull Welding Helmet from the United States Register of Copyrights, which is registered as VA 970-096.  *See* Exhibit B, Copyright Registration No. VA 970-096.

26.     HOODLUM is the proprietor of all right, title, and interest in and to the copyrights in the Skull Welding Helmet, including the right to sue for past infringement.

27.     Four Fun Welding had access to HOODLUM's Skull Welding Helmet as Four Fun Welding is a former licensee who was previously entitled to develop, manufacture and sell helmets that incorporated the artistic features set forth in the copyrighted and patented designs.

28.     Four Fun Welding, without authorization, has and continues to reproduce, prepare derivative works, and distribute the contents of the Skull Welding Helmet by selling welding helmets that are the same as or substantially similar to the Skull Welding Helmet.

29.     By means of the actions complained of herein, Four Fun Welding has infringed and will continue to infringe HOODLUM's copyrights in and relating to the Skull Welding Helmet.

30.     HOODLUM is informed and believes, and on that basis alleges, that unless enjoined by this Court, Four Fun Welding intends to continue its course of conduct as alleged above.  As a direct and proximate result of the acts of Four Fun Welding alleged above, HOODLUM has suffered irreparable harm.

31.     HOODLUM has no adequate remedy at law to redress all of the injuries that Four Fun Welding has caused and intends to cause by its conduct.  HOODLUM will continue to suffer irreparable harm until Four Fun Welding's actions alleged above are enjoined by this Court.

32.     HOODLUM is entitled to recover from Four Fun Welding the damages it has sustained and will sustain, and any gains, profits and advantages obtained by Four Fun Welding as a result of Four Fun Welding's acts of infringement alleged above.

33.     HOODLUM is informed and believes, and on that basis alleges, that Four Fun Welding's actions as alleged above are willful.

**COUNT II**
**FOUR FUN WELDING'S COPYRIGHT INFRINGEMENT UNDER**
**17 U.S.C. §§ 501-505**

34.     HOODLUM incorporates by reference the allegations of paragraphs 1-33.

35.     Mr. Robinson and Mr. Inget are the authors of an original work called "Skull Welding Helmet," which was assigned to HOODLUM.

36.     The Skull Welding Helmet contains wholly original material that is copyrightable subject matter under the laws of the United States.

37.     As the assignee, HOODLUM holds a certificate of registration of the Skull Welding Helmet from the United States Register of Copyrights, which is registered as VA 1-024-536.  *See* Exhibit C, Copyright Registration No. VA 1-024-536.

38.     HOODLUM is the proprietor of all right, title, and interest in and to the copyrights in the Skull Welding Helmet, including the right to sue for past infringement.

39.     Four Fun Welding had access to HOODLUM's Skull Welding Helmet as Four Fun Welding is a former licensee who was previously entitled to develop, manufacture and sell helmets that incorporated the artistic features set forth in the copyrighted and patented designs.

40.     Four Fun Welding, without authorization, has and continues to reproduce, prepare derivative works, and distribute the contents of the Skull Welding Helmet by selling welding helmets that are the same as or substantially similar to the Skull Welding Helmet.

41.     By means of the actions complained of herein, Four Fun Welding has infringed and will continue to infringe HOODLUM's copyrights in and relating to the Skull Welding Helmet.

42.     HOODLUM is informed and believes, and on that basis alleges, that unless enjoined by this Court, Four Fun Welding intends to continue his course of conduct as alleged above.  As a direct and proximate result of the acts of Four Fun Welding alleged above, HOODLUM has suffered irreparable harm.

43.     HOODLUM has no adequate remedy at law to redress all of the injuries that Four Fun Welding has caused and intends to cause by his conduct.  HOODLUM will continue to suffer irreparable harm until Four Fun Welding's actions alleged above are enjoined by this Court.

44.     HOODLUM is entitled to recover from Four Fun Welding the damages it has sustained and will sustain, and any gains, profits and advantages obtained by Four Fun Welding as a result of Four Fun Welding's acts of infringement alleged above.

45.     HOODLUM is informed and believes, and on that basis alleges, that Four Fun Welding's actions as alleged above are willful.

## COUNT III
## FOUR FUN WELDING'S COPYRIGHT INFRINGEMENT UNDER
## 17 U.S.C. §§ 501-505

46.     HOODLUM incorporates by reference the allegations of paragraphs 1-45.

47.     Pro Plasti-Form, Inc. is the author of a work called "Red Devil Skull Paint Design," which was assigned to HOODLUM.

48.     The Red Devil Skull Paint Design contains copyrightable subject matter under the laws of the United States.

9

49.     HOODLUM received a certificate of registration of the Red Devil Skull Paint Design from the United States Register of Copyrights, which is registered as VA1-043-737.  *See* Exhibit D, Copyright Registration No. VA1-043-737.

50.     HOODLUM is the proprietor of all right, title, and interest in and to the copyrights in the Red Devil Skull Paint Design, including the right to sue for past infringement.

51.     Four Fun Welding had access to HOODLUM's Red Devil Skull Paint Design as Four Fun Welding is a former licensee who was previously entitled to develop, manufacture and sell helmets that incorporated the Red Devil Skull Paint Design.

52.     Four Fun Welding, without authorization, has and continues to reproduce, prepare derivative works, and distribute the contents of the Red Devil Skull Paint Design by selling welding helmets that are the same as or substantially similar to the Red Devil Skull Paint Design.

53.     By means of the actions complained of herein, Four Fun Welding has infringed and will continue to infringe HOODLUM's copyrights in and relating to the Red Devil Skull Paint Design.

54.     HOODLUM is informed and believes, and on that basis alleges, that unless enjoined by this Court, Four Fun Welding intends to continue its course of conduct as alleged above.  As a direct and proximate result of the acts of Four Fun Welding alleged above, HOODLUM has suffered irreparable harm.

55.     HOODLUM has no adequate remedy at law to redress all of the injuries that Four Fun Welding has caused and intends to cause by its conduct.  HOODLUM will continue to suffer irreparable harm until Four Fun Welding's actions alleged above are enjoined by this Court.

56.     HOODLUM is entitled to recover from Four Fun Welding the damages it has sustained and will sustain, and any gains, profits and advantages obtained by Four Fun Welding as a result of Four Fun Welding's acts of infringement alleged above.

57.     HOODLUM is informed and believes, and on that basis alleges, that Four Fun Welding's actions as alleged above are willful.

**COUNT IV**
**FOUR FUN WELDING'S COPYRIGHT INFRINGEMENT UNDER**
**17 U.S.C. §§ 501-505**

58.     HOODLUM incorporates by reference the allegations of paragraphs 1-53.

59.     Pro Plasti-Form, Inc. is the author of a work called "White Skull Paint Design," which was assigned to HOODLUM.

60.     The White Skull Paint Design contains wholly original material that is copyrightable subject matter under the laws of the United States.

61.     As the assignee, HOODLUM holds a certificate of registration of the White Skull Paint Design from the United States Register of Copyrights, which is registered as VA1-043-738. *See* Exhibit E, Copyright Registration No. VA1-043-738.

62.     HOODLUM is the proprietor of all right, title, and interest in and to the copyrights in the White Skull Paint Design, including the right to sue for past infringement.

63.     Four Fun Welding had access to HOODLUM's White Skull Paint Design as Four Fun Welding is a former licensee who was previously entitled to develop, manufacture and sell helmets that incorporated the White Skull Paint Design.

64.     Four Fun Welding, without authorization, has and continues to reproduce, prepare derivative works, and distribute the contents of the White Skull Paint Design by selling welding helmets that are the same as or substantially similar to the White Skull Paint Design.

11

65.     By means of the actions complained of herein, Four Fun Welding has infringed and will continue to infringe HOODLUM's copyrights in and relating to the White Skull Paint Design.

66.     HOODLUM is informed and believes, and on that basis alleges, that unless enjoined by this Court, Four Fun Welding intends to continue his course of conduct as alleged above.  As a direct and proximate result of the acts of Four Fun Welding alleged above, HOODLUM has suffered irreparable harm.

67.     HOODLUM has no adequate remedy at law to redress all of the injuries that Four Fun Welding has caused and intends to cause by its conduct.  HOODLUM will continue to suffer irreparable harm until Four Fun Welding's actions alleged above are enjoined by this Court.

68.     HOODLUM is entitled to recover from Four Fun Welding the damages it has sustained and will sustain, and any gains, profits and advantages obtained by Four Fun Welding as a result of Four Fun Welding's acts of infringement alleged above.

69.     HOODLUM is informed and believes, and on that basis alleges, that Four Fun Welding's actions as alleged above are willful.

## COUNT V
## FOUR FUN WELDING'S TRADEMARK INFRINGEMENT UNDER
## 15 U.S.C. § 1114

70.     HOODLUM incorporates by reference the allegations of paragraphs 1-69.

71.     HOODLUM is the owner of a trademark "Hoodlum" and "Hoodlum Welding Gear" for use in connection with welding hoods ("Hoodlum marks").

72.     HOODLUM owns valid trademarks and registration for the Hoodlum mark and for the Hoodlum Welding Gear mark, which are identified as U.S. Trademark Registration Numbers 2,314,054 and 3,218,568, respectively.  *See* Exhibit F, U.S. Trademark Registration

Number 2,314,054; Exhibit G, U.S. Trademark Registration Number 3,218,568.  These registrations are valid and subsisting.

73.     HOODLUM has invested substantial time and resources developing the Hoodlum marks and the products provided thereunder and developing goodwill in the Hoodlum marks.

74.     HOODLUM has continuously used the Hoodlum marks in connection with welding hoods since at least 1998.

75.     Due to the advertising by HOODLUM, the Hoodlum marks are used both nationally and internationally.

76.     Due to HOODLUM's advertising and HOODLUM's goodwill, consumers and others who use HOODLUM'S welding hoods recognize the Hoodlum marks as indicators of the source of welding helmets and associate the Hoodlum marks with HOODLUM.

77.     Without HOODLUM's consent, Four Fun Welding continued using marks identical to Hoodlum marks in connection with welding hoods after the termination of the licensing agreement between the parties.

78.     Four Fun Welding's use of the Hoodlum marks for related and similar goods and services is likely to cause confusion or to cause mistake or to deceive the trade and public that Four Fun Welding's welding helmets emanate from or are licensed, sponsored or otherwise authorized or associated with HOODLUM, when in fact they are not.

79.     Four Fun Welding's use of the Hoodlum marks caused and continues to cause irreparable harm to HOODLUM, for which HOODLUM has no adequate remedy at law.

80.     HOODLUM is entitled to recover the yet undetermined amounts specified in 15 U.S.C. § 1117.  In addition, Four Fun Welding was aware of HOODLUM's registration of the

Hoodlum mark, as set forth in the Licensing Agreement, making Four Fun Welding's infringement willful.

## COUNT VI
## FOUR FUN WELDING'S VIOLATION OF SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125)

81.     HOODLUM incorporates by reference the allegations of paragraphs 1-80.

82.     HOODLUM owns valid trademarks.  HOODLUM used the Hoodlum marks in connection with the sale of welding hoods since at least 1998.

83.     Without HOODLUM's consent, Four Fun Welding continued using marks identical to Hoodlum marks in connection with welding hoods after the termination of the licensing agreement between the parties.

84.     Four Fun Welding's use of the Hoodlum mark for related and similar goods and services is likely to cause confusion or to cause mistake or to deceive an appreciable number of ordinary buyers as to the source of or association of the Hoodlum marks.  Four Fun Welding's use of the Hoodlum marks in the same channels of trade is likely to cause confusion as to the source of or association of those goods and services as instead emanating from or being sponsored by or associated with HOODLUM.

85.     Four Fun Welding's use of Hoodlum marks caused in the past and unless abated will continue to cause irreparable harm to HOODLUM for which HOODLUM has no adequate remedy at law.

86.     HOODLUM is entitled to recover the yet undetermined amounts specified in 15 U.S.C. § 1117.  Four Fun Welding was aware of HOODLUM's registration of the Hoodlum marks, as set forth in the Licensing Agreement, thereby making Four Fun Welding's infringement willful.

## COUNT VII
## FOUR FUN WELDING'S PATENT INFRINGEMENT UNDER
## 35 U.S.C. § 271 OF THE '972 PATENT

87.     HOODLUM incorporates by reference the allegations of paragraphs 1-86.

88.     The '972 patent entitled "Welding Helmet" was duly and legally issued on March 25, 2008.  The '972 patent is attached hereto as Exhibit G, and is incorporated herein by reference in its entirety.

89.     The '972 patent claims a method of making a welding helmet.

90.     The inventors of the '972 patent are Kevin Inget and Steven Robinson.

91.     The assignee of the '972 patent is HOODLUM.

92.     The '972 patent is valid and enforceable and has been at all times relevant to the instant action.

93.     Four Fun Welding has directly or indirectly infringed the '972 patent at a minimum by making, using, selling and offering for sale welding helmets with teeth and a nose, including but not limited to the burning skull welding helmet.

94.     Four Fun Welding has also contributed to the infringement of the '972 Patent, and/or actively induced others to infringe the '972 Patent, in this district and elsewhere in the United States.

95.     Four Fun Welding has caused and will continue to cause HOODLUM substantial damage and irreparable injury by virtue of its continuing such infringement.

96.     HOODLUM is entitled to recover from Four Fun Welding the damages sustained by HOODLUM as a result of Four Fun Welding's wrongful acts in an amount subject to proof at trial and an injunction, preventing Four Fun Welding from continuing its wrongful acts.

97.     Upon information and belief and after an opportunity for further discovery, HOODLUM's infringement of the '972 patent is willful and deliberate.

## COUNT VIII
## FOUR FUN WELDING'S PATENT INFRINGEMENT UNDER
## 35 U.S.C. § 271 OF THE '260 PATENT

98.     HOODLUM incorporates by reference the allegations of paragraphs 1-97.

99.     The '260 patent entitled "Skull Welding Helmet" was duly and legally issued on May 16, 2000.  The '260 patent is attached hereto as Exhibit I, and is incorporated herein by reference in its entirety.

100.    The inventors of the '260 patent are Kevin Inget and Steven Robinson.

101.    The current assignee of the '260 patent is HOODLUM.

102.    The '260 patent is valid and enforceable and has been at all times relevant to the instant action.

103.    Four Fun Welding has directly or indirectly infringed the '260 patent at a minimum by making, using, selling and offering for sale welding helmets with teeth and a nose, including but not limited to the burning skull welding helmet.

104.    Four Fun Welding has also contributed to the infringement of the '260 Patent, and/or actively induced others to infringe the '260 Patent, in this district and elsewhere in the United States.

105.    Four Fun Welding has caused and will continue to cause HOODLUM substantial damage and irreparable injury by virtue of its continuing such infringement.

106.    HOODLUM is entitled to recover from Four Fun Welding the damages sustained by HOODLUM as a result of Four Fun Welding's wrongful acts in an amount subject to proof at trial and an injunction, preventing Four Fun Welding from continuing its wrongful acts.

16

107.    Upon information and belief and after an opportunity for further discovery, HOODLUM's infringement of the '260 patent is willful and deliberate.

## COUNT IX
## FOUR FUN WELDING'S COMMON LAW TRADEMARK INFRINGEMENT

108.    HOODLUM incorporates by reference the allegations of paragraphs 1-107.

109.    Four Fun Welding's use of the Hoodlum mark for both related and similar goods and services is likely to cause confusion or to cause mistake or to deceive an appreciable number of ordinary buyers as to the source of or association of those goods and services as instead emanating from or being sponsored by or associated with HOODLUM.  Upon information and belief, Four Fun Welding's use of the Hoodlum mark is done with willful intent, harmful motive and reckless indifference to HOODLUM's rights.

110.    Four Fun Welding's use of the Hoodlum mark has caused and continues to cause irreparable harm to HOODLUM for which HOODLUM has no adequate remedy at law.

111.    Four Fun Welding's conduct has damaged HOODLUM in an amount to be determined after discovery and at trial.

112.    Upon information and belief, Four Fun Welding was aware of HOODLUM's registration of the Hoodlum mark, as set forth in the licensing agreement, making Four Fun Welding's infringement willful.

## COUNT X
## FOUR FUN WELDING'S UNFAIR COMPETITION
## IN VIOLATION OF MISSOURI COMMON LAW

113.    HOODLUM incorporates by reference the allegations of paragraphs 1-112.

114.    The Hoodlum mark is distinctive and has acquired secondary meaning and thereby is a valid common law trademark.  HOODLUM is the rightful owner of all common law rights in the Hoodlum mark.

17

115.    Four Fun Welding's use of the Hoodlum mark for both related and identical goods is likely to cause confusion or to cause mistake or to deceive an appreciable number of ordinary buyers as to the source of or association of those goods and services as instead emanating from or being sponsored by or associated with HOODLUM.

116.    Four Fun Welding could have chosen any number of alternative non-infringing marks but instead chose to use the Hoodlum mark.

117.    Four Fun Welding's acts constitute unfair competition, unfair trade practice and infringement of HOODLUM's common law rights and are in violation of the common law of the State of Missouri and other states where HOODLUM conducts business.  Four Fun Welding's acts, as alleged above, are an intentional attempt to trade upon HOODLUM's and its licensee's goodwill and skill.

118.    Upon information and believe, Four Fun Welding's use of the Hoodlum mark is done with willful intent, harmful motive and reckless indifference to HOODLUM's rights.

119.    Four Fun Welding's conduct has damaged HOODLUM.

120.    Four Fun Welding has been unjustly enriched by its acts.

121.    Four Fun Welding's use of the Hoodlum mark caused and continues to cause irreparable harm to HOODLUM for which HOODLUM has no adequate remedy at law.

## COUNT XI
## FOUR FUN WELDING'S BREACH OF CONTRACT

122.    HOODLUM incorporates by reference the allegations of paragraphs 1-187.

123.    Four Fun Welding, David Hele, Mr. Coughlin, and HOODLUM entered into a Licensing Agreement for consideration, which permitted Mr. Coughlin and Four Fun Welding to develop, manufacture and sell welding helmets in which the helmet is shaped to include animal

facial features and/or fantasy facial feature such as robotic, android or sci-fi qualities, defined as "the Concept."

124.    The Licensing Agreement required that Four Fun Weldings provide to HOODLUM no later than the fifteenth day after the end of each calendar quarter period, a report including the number of units of each product sold for which a royalty is payable, the gross sales amount of each such product, the royalty attributable to each such product, and any portion of the annual minimum payable and the total royalty due.

125.    The Licensing Agreement required that Four Fun Welding provide documentation verifying the sales amount for each calendar quarter period, pursuant to the terms of the Licensing Agreement.

126.    The Licensing Agreement required that Four Fun Welding pay to HOODLUM a royalty based on the gross selling price of every product sold which is an implementation of or falls within the scope of the Concept for each calendar quarter.

127.    The Licensing Agreement required that Four Fun Welding pay a five percent late fee for any amount that is late, without limiting any other remedies that HOODLUM may have.

128.    All obligations of and conditions upon Four Fun Welding under the Licensing Agreement be the joint and separate obligation of the Defendants.

129.    Four Fun Welding failed to provide to HOODLUM no later than the fifteenth day after the end of each calendar quarter period, a report including the number of units of each product sold for which a royalty is payable, the gross sales amount of each such product, the royalty attributable to each such product, and any portion of the annual minimum payable and the total royalty due.

130.    Four Fun Welding failed to provide documentation verifying the sales amount for each calendar quarter period, pursuant to the terms of the Licensing Agreement.

131.    Four Fun Welding failed to pay to HOODLUM a royalty based on the gross selling price of every product sold which is an implementation of or falls within the scope of the Concept for the third calendar quarter deadline of 2005 and all quarterly deadlines up through and including the date of contractual termination due to breach, April 27, 2010.

132.    Four Fun Welding failed to pay a five percent late fee for any amount that is late, without limiting any other remedies that HOODLUM may have.

133.    HOODLUM alleges that by reason of Four Fun Welding's failure to properly perform its duties and obligations under the Licensing Agreement, HOODLUM has been damaged.

**COUNT XII**
**MR. COUGHLIN'S CONTRIBUTORY COPYRIGHT INFRINGEMENT OF THE**
**SKULL WELDING HELMET, REGISTERED AS VA 970-096**

134.    HOODLUM incorporates by reference the allegations of paragraphs 1-121.

135.    Mr. Robinson and Mr. Inget are the authors of an original work called "Skull Welding Helmet" which was assigned to HOODLUM.

136.    The Skull Welding Helmet contains wholly original material that is copyrightable subject matter under the laws of the United States.

137.    As the assignee, HOODLUM holds a certificate of registration of the Skull Welding Helmet from the United States Register of Copyrights, which is registered as VA 970-096.  *See* Exhibit B, Copyright Registration No. VA 970-096.

138.    HOODLUM is the proprietor of all right, title, and interest in and to the copyrights in the Skull Welding Helmet, registered as VA 970-096, including the right to sue for past infringement.

139.    Four Fun Welding had access to HOODLUM's Skull Welding Helmet, registered as VA 970-096, as Four Fun Welding manufactured and sold helmets that incorporated the artistic features set forth in the copyrighted and patented designs.

140.    Four Fun Welding, without authorization, has and continues to reproduce, prepare derivative works, and distribute the contents of the Skull Welding Helmet, registered as VA 970-096, by selling welding helmets that are the same as or substantially similar to the Skull Welding Helmet.

141.    By means of the actions complained of herein, Four Fun Welding has infringed and will continue to infringe HOODLUM's copyrights in and relating to the Skull Welding Helmet, registered as VA 970-096.

142.    As president, manager, and/or officer of Four Fun Welding, Mr. Coughlin has knowledge of Four Fun Welding's direct infringement of the Skull Welding Helmet, registered as VA 970-096.

143.    As president, manager, and/or officer of Four Fun Welding, Mr. Coughlin made a material contribution to Four Fun Welding's infringement of the Skull Welding Helmet, registered as VA 970-096, by encouraging and/or inducing Four Fun Welding to engage in copyright infringement of the Skull Welding Helmet.

144.    HOODLUM is informed and believes, and on that basis alleges, that unless enjoined by this Court, Mr. Coughlin intends to continue his course of conduct as alleged above.

As a direct and proximate result of the acts of Mr. Coughlin alleged above, HOODLUM has suffered irreparable harm.

145.    HOODLUM has no adequate remedy at law to redress all of the injuries that Mr. Coughlin has caused and intends to cause by its conduct.  HOODLUM will continue to suffer irreparable harm until Mr. Coughlin's actions alleged above are enjoined by this Court.

146.    HOODLUM is entitled to recover from Mr. Coughlin the damages it has sustained and will sustain, and any gains, profits and advantages obtained by Mr. Coughlin as a result of Mr. Coughlin's acts of contributory infringement alleged above.

147.    HOODLUM is informed and believes, and on that basis alleges, that Mr. Coughlin's actions as alleged above are willful.

## COUNT XII
## MR. COUGHLIN'S CONTRIBUTORY COPYRIGHT INFRINGEMENT OF SKULL WELDING HELMET, REGISTERED AS VA 1-024-536

148.    HOODLUM incorporates by reference the allegations of paragraphs 1-135.

149.    Mr. Robinson and Mr. Inget are the authors of an original work called "Skull Welding Helmet," which was assigned to HOODLUM.

150.    The Skull Welding Helmet contains wholly original material that is copyrightable subject matter under the laws of the United States.

151.    As the assignee, HOODLUM holds a certificate of registration of the Skull Welding Helmet from the United States Register of Copyrights, which is registered as VA 1-024-536.  *See* Exhibit C, Copyright Registration No. VA 1-024-536.

152.    HOODLUM is the proprietor of all right, title, and interest in and to the copyrights in the Skull Welding Helmet, registered as VA 1-024-536, including the right to sue for past infringement.

22

153.    Four Fun Welding had access to HOODLUM's Skull Welding Helmet, registered as VA 1-024-536, as Four Fun Welding manufactured and sold helmets that incorporated the artistic features set forth in the copyrighted and patented designs.

154.    Four Fun Welding, without authorization, has and continues to reproduce, prepare derivative works, and distribute the contents of the Skull Welding Helmet, registered as VA 1-024-536, by selling welding helmets that are the same as or substantially similar to the Skull Welding Helmet.

155.    By means of the actions complained of herein, Four Fun Welding has infringed and will continue to infringe HOODLUM's copyrights in and relating to the Skull Welding Helmet, registered as VA 1-024-536.

156.    As president, manager, and/or officer of Four Fun Welding, Mr. Coughlin has knowledge of Four Fun Welding's direct infringement of the Skull Welding Helmet, registered as VA 1-024-536.

157.    As president, manager, and/or officer of Four Fun Welding, Mr. Coughlin made a material contribution to Four Fun Welding's infringement of the Skull Welding Helmet, registered as VA 1-024-536, by encouraging and/or inducing Four Fun Welding to engage in copyright infringement of the Skull Welding Helmet, registered as VA 1-024-536.

158.    HOODLUM is informed and believes, and on that basis alleges, that unless enjoined by this Court, Mr. Coughlin intends to continue his course of conduct as alleged above. As a direct and proximate result of the acts of Mr. Coughlin alleged above, HOODLUM has suffered irreparable harm.

159.    HOODLUM has no adequate remedy at law to redress all of the injuries that Mr. Coughlin has caused and intends to cause by its conduct.  HOODLUM will continue to suffer irreparable harm until Mr. Coughlin's actions alleged above are enjoined by this Court.

160.    HOODLUM is entitled to recover from Mr. Coughlin the damages it has sustained and will sustain, and any gains, profits and advantages obtained by Mr. Coughlin as a result of Mr. Coughlin's acts of contributory infringement alleged above.

161.    HOODLUM is informed and believes, and on that basis alleges, that Mr. Coughlin's actions as alleged above are willful.

**COUNT XIII**
**MR. COUGHLIN'S CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**OF RED DEVIL SKULL PAINT DESIGN**

162.    HOODLUM incorporates by reference the allegations of paragraphs 1-149.

163.    Pro Plasti-Form, Inc. is the author of a work called "Red Devil Skull Paint Design," which was assigned to HOODLUM.

164.    The Red Devil Skull Paint Design contains copyrightable subject matter under the laws of the United States.

165.    HOODLUM received a certificate of registration of the Red Devil Skull Paint Design from the United States Register of Copyrights, which is registered as VA1-043-737.  *See* Exhibit D, Copyright Registration No. VA1-043-737.

166.    HOODLUM is the proprietor of all right, title, and interest in and to the copyrights in the Red Devil Skull Paint Design, including the right to sue for past infringement.

167.    Four Fun Welding had access to HOODLUM's Red Devil Skull Paint Design as Four Fun Welding manufactured and sold helmets that incorporated the Red Devil Skull Paint Design.

24

168.     Four Fun Welding, without authorization, has and continues to reproduce, prepare derivative works, and distribute the contents of the Red Devil Skull Paint Design by selling welding helmets that are the same as or substantially similar to the Red Devil Skull Paint Design.

169.     By means of the actions complained of herein, Four Fun Welding has infringed and will continue to infringe HOODLUM's copyrights in and relating to the Red Devil Skull Paint Design.

170.     As president, manager, and/or officer of Four Fun Welding, Mr. Coughlin has knowledge of Four Fun Welding's direct infringement of the Red Devil Skull Paint Design.

171.     As president, manager, and/or officer of Four Fun Welding, Mr. Coughlin made a material contribution to Four Fun Welding's infringement of the Red Devil Skull Paint Design by encouraging and/or inducing Four Fun Welding to engage in copyright infringement of the Red Devil Skull Paint Design.

172.     HOODLUM is informed and believes, and on that basis alleges, that unless enjoined by this Court, Mr. Coughlin intends to continue his course of conduct as alleged above. As a direct and proximate result of the acts of Mr. Coughlin alleged above, HOODLUM has suffered irreparable harm.

173.     HOODLUM has no adequate remedy at law to redress all of the injuries that Mr. Coughlin has caused and intends to cause by its conduct.  HOODLUM will continue to suffer irreparable harm until Mr. Coughlin's actions alleged above are enjoined by this Court.

174.     HOODLUM is entitled to recover from Mr. Coughlin the damages it has sustained and will sustain, and any gains, profits and advantages obtained by Mr. Coughlin as a result of Mr. Coughlin's acts of contributory infringement alleged above.

175.     HOODLUM is informed and believes, and on that basis alleges, that Mr.

Coughlin's actions as alleged above are willful.

## COUNT XIV
## MR. COUGHLIN'S CONTRIBUTORY COPYRIGHT INFRINGEMENT
## OF WHITE SKULL PAINT DESIGN

176.     HOODLUM incorporates by reference the allegations of paragraphs 1-163.

177.     Pro Plasti-Form, Inc. is the author of a work called "White Skull Paint Design,"

which was assigned to HOODLUM.

178.     The White Skull Paint Design contains wholly original material that is

copyrightable subject matter under the laws of the United States.

179.     As the assignee, HOODLUM holds a certificate of registration of the White Skull

Paint Design from the United States Register of Copyrights, which is registered as VA1-043-

738.  *See* Exhibit E, Copyright Registration No. VA1-043-738.

180.     HOODLUM is the proprietor of all right, title, and interest in and to the

copyrights in the White Skull Paint Design, including the right to sue for past infringement.

181.     Four Fun Welding had access to HOODLUM's White Skull Paint Design as Four

Fun Welding manufactured and sold helmets that incorporated the White Skull Paint Design.

182.     Four Fun Welding, without authorization, has and continues to reproduce, prepare

derivative works, and distribute the contents of the White Skull Paint Design by selling welding

helmets that are the same as or substantially similar to the White Skull Paint Design.

183.     By means of the actions complained of herein, Four Fun Welding has infringed

and will continue to infringe HOODLUM's copyrights in and relating to the White Skull Paint

Design.

184.     As president, manager, and/or officer of Four Fun Welding, Mr. Coughlin has knowledge of Four Fun Welding's direct infringement of the White Skull Paint Design.

185.     As president, manager, and/or officer of Four Fun Welding, Mr. Coughlin made a material contribution to Four Fun Welding's infringement of the White Skull Paint Design by encouraging and/or inducing Four Fun Welding to engage in copyright infringement of the White Skull Paint Design.

186.     HOODLUM is informed and believes, and on that basis alleges, that unless enjoined by this Court, Mr. Coughlin intends to continue his course of conduct as alleged above. As a direct and proximate result of the acts of Mr. Coughlin alleged above, HOODLUM has suffered irreparable harm.

187.     HOODLUM has no adequate remedy at law to redress all of the injuries that Mr. Coughlin has caused and intends to cause by its conduct.  HOODLUM will continue to suffer irreparable harm until Mr. Coughlin's actions alleged above are enjoined by this Court.

188.     HOODLUM is entitled to recover from Mr. Coughlin the damages it has sustained and will sustain, and any gains, profits and advantages obtained by Mr. Coughlin as a result of Mr. Coughlin's acts of contributory infringement alleged above.

189.     HOODLUM is informed and believes, and on that basis alleges, that Mr. Coughlin's actions as alleged above are willful.

**COUNT XV**
**MR. COUGHLIN'S INDUCEMENT OF PATENT INFRINGEMENT UNDER**
**35 U.S.C. § 271 OF THE '972 PATENT**

190.     HOODLUM incorporates by reference the allegations of paragraphs 1-177.

191.     The '972 patent entitled "Welding Helmet" was duly and legally issued on March 25, 2008.  The '972 patent is attached hereto as Exhibit H, and is incorporated herein by reference in its entirety.

192.     The '972 patent claims a method of making a welding helmet.

193.     The inventors of the '972 patent are Kevin Inget and Steven Robinson.

194.     The assignee of the '972 patent is HOODLUM.

195.     The '972 patent is valid and enforceable and has been at all times relevant to the instant action.

196.     Mr. Coughlin has contributed to the infringement of the '972 Patent by actively and knowingly inducing Four Fun Welding to infringe the '972 Patent, in this district and elsewhere in the United States.

197.     Mr. Coughlin has caused and will continue to cause HOODLUM substantial damage and irreparable injury by virtue of his continuing such inducement to infringe.

198.     HOODLUM is entitled to recover from Mr. Coughlin the damages sustained by HOODLUM as a result of Mr. Coughlin's wrongful acts in an amount subject to proof at trial and an injunction, preventing Four Fun Welding from continuing its wrongful acts.

199.     Upon information and belief and after an opportunity for further discovery, Mr. Coughlin's inducement to infringe of the '972 patent is willful and deliberate.

## COUNT XVI
## MR. COUGHLIN'S INDUCEMENT OF PATENT INFRINGEMENT UNDER 35 U.S.C. § 271 OF THE '260 PATENT

200.     HOODLUM incorporates by reference the allegations of paragraphs 1-187.

201.    The '260 patent entitled "Skull Welding Helmet" was duly and legally issued on May 16, 2000.  The '260 patent is attached hereto as Exhibit I, and is incorporated herein by reference in its entirety.

202.    The inventors of the '260 patent are Kevin Inget and Steven Robinson.

203.    The current assignee of the '260 patent is HOODLUM.

204.    The '260 patent is valid and enforceable and has been at all times relevant to the instant action.

205.    Mr. Coughlin has contributed to the infringement of the '260 Patent by actively and knowingly inducing Four Fun Welding to infringe the '260 Patent, in this district and elsewhere in the United States.

206.    Mr. Coughlin has caused and will continue to cause HOODLUM substantial damage and irreparable injury by virtue of its continuing such inducement to infringe.

207.    HOODLUM is entitled to recover from Mr. Coughlin the damages sustained by HOODLUM as a result of Mr. Coughlin's wrongful acts in an amount subject to proof at trial and an injunction, preventing Mr. Coughlin from continuing his wrongful acts.

208.    Upon information and belief and after an opportunity for further discovery, Mr. Coughlin's inducement to infringe the '260 patent is willful and deliberate.

**COUNT XVII**
**MR. COUGHLIN'S BREACH OF CONTRACT**

209.    HOODLUM incorporates by reference the allegations of paragraphs 1-187.

210.    Four Fun Welding, David Hele, Mr. Coughlin, and HOODLUM entered into a Licensing Agreement for consideration, which permitted Mr. Coughlin and Four Fun Welding to develop, manufacture and sell welding helmets in which the helmet is shaped to include animal

facial features and/or fantasy facial feature such as robotic, android or sci-fi qualities, defined as "the Concept."

211.    The Licensing Agreement required that Mr. Coughlin provide to HOODLUM no later than the fifteenth day after the end of each calendar quarter period, a report including the number of units of each product sold for which a royalty is payable, the gross sales amount of each such product, the royalty attributable to each such product, and any portion of the annual minimum payable and the total royalty due.

212.    The Licensing Agreement required that Mr. Coughlin provide documentation verifying the sales amount for each calendar quarter period, pursuant to the terms of the Licensing Agreement.

213.    The Licensing Agreement required that Mr. Coughlin pay to HOODLUM a royalty based on the gross selling price of every product sold which is an implementation of or falls within the scope of the Concept for each calendar quarter.

214.    The Licensing Agreement required that Mr. Coughlin pay a five percent late fee for any amount that is late, without limiting any other remedies that HOODLUM may have.

215.    All obligations of and conditions upon Mr. Coughlin under the Licensing Agreement be the joint and separate obligation of the Defendants.

216.    Mr. Coughlin failed to provide to HOODLUM no later than the fifteenth day after the end of each calendar quarter period, a report including the number of units of each product sold for which a royalty is payable, the gross sales amount of each such product, the royalty attributable to each such product, and any portion of the annual minimum payable and the total royalty due.

217.     Mr. Coughlin failed to provide documentation verifying the sales amount for each calendar quarter period, pursuant to the terms of the Licensing Agreement.

218.     Mr. Coughlin failed to pay to HOODLUM a royalty of the gross selling price of every product sold which is an implementation of or falls within the scope of the Concept for the third calendar quarter deadline of 2005 and all quarterly deadlines up through and including the date of contractual termination due to breach, April 27, 2010.

219.     Mr. Coughlin failed to pay a late fee for the amount that is late, without limiting any other remedies that HOODLUM may have.

220.     HOODLUM alleges that by reason of Mr. Coughlin's failure to properly perform their duties and obligations under the Licensing Agreement, HOODLUM has been damaged.

## PRAYER FOR RELIEF

WHEREFORE, HOODLUM respectfully requests that the Court enter a judgment as follows:

I.     For Four Fun Welding's infringement of Copyrights 970-096, 1-024-536, 1-043-737 and 1-043-738 (collectively, "HOODLUM's copyrights"),

A.     Finding that Four Fun Welding has infringed HOODLUM's copyrights;

B.     Finding a substantial likelihood that Four Fun Welding will continue to infringe HOODLUM's copyrights unless enjoined from doing so;

C.     That Four Fun Welding, its directors and officers, agents, servants, employees, and all other persons acting in concert or privity or in participation with them be permanently enjoined from directly or indirectly infringing HOODLUM's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or

manufacture any works derived or copied from HOODLUM's copyrights or to participate or assist in any such activity;

D.      That HOODLUM be awarded its actual damages according to proof, and for any profits attributable to infringement of HOODLUM's copyrights;

E.      That Four Fun Welding be required to account for all gains, profits, and advantages derived from its acts of infringement and from his acts of unfair competition, and in no event less than $75,000.000;

F.      That all gains, profits and advantages derived by Four Fun Welding for its acts of infringement and other violation of law be deemed to be held in constructive trust for HOODLUM's benefit;

G.      That Four Fun Welding be found to have willfully infringed;

H.      That HOODLUM have judgment against Four Fun Welding for its damages, costs and attorney's fees;

I.      That the Court immediately order the impounding of all copies made or used by Four Fun Welding in violation of HOODLUM's copyright rights;

J.      That Four Fun Welding be required to pay HOODLUM treble damages due to Four Fun Welding's willful and deliberate conduct;

K       That Four Fun Welding be required to notify all present or prospective customers of the infringement and that the proper ownership of the materials is HOODLUM;

L.      That Four Fun Welding pay HOODLUM its costs and disbursements in bringing this action;

M.      That this case be found to be exceptional under the provisions of 15 U.S.C. § 1117 and that HOODLUM be awarded its costs including reasonable attorney fees;

N.     That Four Fun Welding make a full report to this Court of its compliance with the foregoing within 30 days of judgment herein;

O.     That Four Fun Welding make a full report to this Court of its compliance with the foregoing within 30 days of judgment herein;

II.     For Four Fun Welding's infringement of the '972 and '260 patents,

A.   That Four Fun Welding has infringed the '972 patent and '260 patent under 35 U.S.C. § 271;

B.   Permanently enjoining and restraining Four Fun Welding, its officers, directors, agents, servants, employees, licensees, successors, assigns, those in active concert and participation with it, and all persons acting on their behalf or within its control under 35 U.S.C. § 283 from further acts that infringe the '972 and '260 patents, including, but not limited to, making, using, selling, offering to sell, importing, exporting, advertising, or otherwise using, contributing to the use of, or inducing the use of all infringing equipment produced by Four Fun Welding;

C.   Requiring Four Fun Welding to:

1.     Send a copy of any decision in this case in favor of HOODLUM to each person or entity to whom Four Fun Welding has sold or otherwise distributed any products found to infringe the '972 and '260 patents, or induced to infringe the '972 and '260 patents, and informing such persons or entities of the judgment and that the sale or solicited commercial transaction was wrongful;

2.     Recall and collect from all persons and entities that have purchased or licensed products from Four Fun Welding or its distributors, any products that incorporate features that infringe the '972 and '260 patents;

3.      Destroy or deliver to HOODLUM all products that incorporate features that infringe the '972 and '260 patents; and

4.      File with the Court and serve upon HOODLUM, within thirty (30) days after entry of final judgment in this case, a report in writing and subscribed under oath setting forth in detail the form and manner in which Four Fun Welding has complied with the Court's orders as prayed for.

D.  Awarding HOODLUM patent infringement damages and pre-judgment interest pursuant to 35 U.S.C. § 284 including, but not limited to, lost profits and/or a reasonable royalty;

E.  Awarding HOODLUM treble damages for willful infringement pursuant to 35 U.S.C. § 284;

F.  Declaring the case exceptional and awarding HOODLUM reasonable costs and attorneys fees pursuant to 35 U.S.C. § 285;

III.    For Four Fun Welding's infringement of the Hoodlum mark and violations of common law claims of trademark infringement and unfair competition,

A.      Four Fun Welding, its subsidiaries, affiliates, franchisees, licensees, officers, agents, sales representatives, servants, employees, associates, successors and assigns, and all persons acting under its control, by, through, under or in active concert or in participation with Four Fun Welding, pursuant to 15 U.S.C. § 1116, be permanently enjoined from:

1.      Using the Hoodlum mark or any other mark that is likely to cause confusion, mistake or deception with the Hoodlum mark on or in connection with, either directly or indirectly, welding materials;

2.      Using any mark or doing any act or thing likely to confuse the public that Four Fun Welding's goods or services are in any way connected with HOODLUM, including but not limited to, using the mark on the worldwide web;

3.      Printing, publishing, promoting, lending or distributing any advertisement, whether written, audio or visually portrayed that use or refer to the Hoodlum mark or any mark confusingly similar thereto; and

B.      Four Fun Welding must deliver up for the destruction all goods, helmets, labels, advertising, literature and other forms of promotional material bearing or showing the Hoodlum mark or a confusingly similar mark pursuant to 15 U.S.C. § 1118;

C.      Four Fun Welding must pay HOODLUM such damages as HOODLUM has sustained as a result of Four Fun Welding's infringement of the Hoodlum mark;

D.      Four Fun Welding must account for all gains, profits and advantages derived from its acts of infringement pursuant to 15 U.S.C. § 1117;

E.      Finding this case exceptional under 15 U.S.C. § 1117 and awarding HOODLUM a sum above the amount found as actual damages not exceeding three times such amount and its reasonable attorneys' fees;

F.      Four Fun Welding must pay HOODLUM its costs and disbursements in bringing this action and prejudgment and post-judgment interest as appropriate pursuant to 15 U.S.C. § 1117;

G.      Four Fun Welding must pay HOODLUM punitive damages due to Four Fun Welding's willful acts of common law trademark infringement;

H.      Four Fun Welding must report to this Court of its compliance of the foregoing within thirty (30) days of judgment;

IV.     For each of Four Fun Welding's violations of the false marking statute, Four Fun

Welding must pay $500 with one-half going to HOODLUM and one-half going to the use of the

United States.

V.      For Mr. Coughlin's contributory infringement of Copyrights 970-096, 1-024-536, 1-043-

737 and 1-043-738 (collectively, "HOODLUM's copyrights"),

        A.      Finding that Four Fun Welding has directly infringed HOODLUM's copyrights;

        B.      Finding that Mr. Coughlin had knowledge of Four Fun Welding's direct

infringement of HOODLUM's copyrights;

        C.      Finding that Mr. Coughlin made a material contribution to the infringement of

HOODLUM's copyrights:

        D.      Finding a substantial likelihood that Mr. Coughlin will continue to contributorily

infringe HOODLUM's copyrights unless enjoined from doing so;

        E.      That HOODLUM be awarded its actual damages according to proof, and for any

profits attributable to contributory infringement of HOODLUM's copyrights;

        F.      That Mr. Coughlin be required to account for all gains, profits, and advantages

derived from its acts of contributory infringement and from his acts of unfair competition, and in

no event less than $75,000.000;

        G.      That all gains, profits and advantages derived by Mr. Coughlin for his acts of

infringement and other violation of law be deemed to be held in constructive trust for

HOODLUM's benefit;

        H.      That HOODLUM have judgment against Mr. Coughlin for its damages, costs and

attorney's fees;

I.      That Mr. Coughlin be required to pay HOODLUM treble damages due to Four Fun Welding's willful and deliberate conduct;

J.      That Mr. Coughlin pay HOODLUM its costs and disbursements in bringing this action;

K.      That Mr. Coughlin make a full report to this Court of its compliance with the foregoing within 30 days of judgment herein;

VI.     For Mr. Coughlin's inducement to infringe the '972 and '260 patents,

A.      That Mr. Coughlin has induced infringement of the '972 patent and '260 patent under 35 U.S.C. § 271;

B.      Permanently enjoining and restraining Mr. Coughlin, his agents, servants, employees, licensees, successors, assigns, those in active concert and participation with him, and all persons acting on his behalf or within his control under 35 U.S.C. § 283 from further acts that infringe the '972 and '260 patents, including, but not limited to, making, using, selling, offering to sell, importing, exporting, advertising, or otherwise using, contributing to the use of, or inducing the use of all infringing equipment produced by Four Fun Welding;

C.      Requiring Mr. Coughlin to:

1.      Send a copy of any decision in this case in favor of HOODLUM to each person or entity to whom Mr. Coughlin has sold or otherwise distributed any products found to infringe the '972 and '260 patents, or induced to infringe the '972 and '260 patents, and informing such persons or entities of the judgment and that the sale or solicited commercial transaction was wrongful;

2.     Recall and collect from all persons and entities that have purchased or licensed products from Four Fun Welding or its distributors, any products that incorporate features that infringe the '972 and '260 patents;

3.     Destroy or deliver to HOODLUM all products that incorporate features that infringe the '972 and '260 patents; and

4.     File with the Court and serve upon HOODLUM, within thirty (30) days after entry of final judgment in this case, a report in writing and subscribed under oath setting forth in detail the form and manner in which Mr. Coughlin has complied with the Court's orders as prayed for.

A.     Awarding HOODLUM patent infringement damages and pre-judgment interest pursuant to 35 U.S.C. § 284 including, but not limited to, lost profits and/or a reasonable royalty;

B.     Awarding HOODLUM treble damages for willful infringement pursuant to 35 U.S.C. § 284;

C.     Declaring the case exceptional and awarding HOODLUM reasonable costs and attorneys fees pursuant to 35 U.S.C. § 285;

VIII.   For each of the foregoing acts of infringement, an Order granting HOODLUM such other and further relief as justice and equity may require.

IX.    For Four Fun Welding's breach of contract,

A.     Finding that Four Fun Welding has breached the Settlement Agreement;

B.     HOODLUM's actual and compensatory damages in an amount at least as much as the profits from their illegal activity as is determined from the evidence and increased by statutory and punitive damages;

C.     HOODLUM's costs, including reasonable attorneys' fees;

    D.      Pre- and post judgment interest according to law;

    E.      Granting HOODLUM such other and further relief as justice and equity may require;

X.    For Mr. Coughlin's breach of contract,

    A.      Finding that Mr. Coughlin has breached the Settlement Agreement;

    B.      HOODLUM's actual and compensatory damages in an amount at least as much as the profits from their illegal activity as is determined from the evidence and increased by statutory and punitive damages;

    C.      HOODLUM's costs, including reasonable attorneys' fees;

    D.      Pre- and post judgment interest according to law;

    E.      Granting HOODLUM such other and further relief as justice and equity may require.

## JURY DEMAND

HOODLUM requests a jury trial.

                        Respectfully submitted,
                        HOODLUMS WELDING HOODS, LLC

                        By its attorneys,
                        SIMMONS BROWDER GIANARIS
                            ANGELIDES & BARNERD LLC

Dated July 9, 2010          By:  *s/Sarah S. Burns*
                        Paul A. Lesko – E.D.Mo. Bar No. 123590
                        Jo Anna Pollock – E.D.Mo. Bar No. 106683
                        Sarah S. Burns – E.D.Mo. Bar No. 5211019
                        707 Berkshire Blvd.
                        P.O. Box 521
                        East Alton, Illinois 62024
                        (618) 259-2222
                        (618) 259-2251 – *facsimile*
                        sburns@simmonsfirm.com